1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   ALLAH,

10                              Plaintiff,                Case No. C19-1065-BJR-MLP

11          v.

12   CHARLES MERTEL, *et al.*,                            REPORT AND RECOMMENDATION

13                              Defendants.

14

15          **I.      INTRODUCTION AND SUMMARY CONCLUSION**

16          Plaintiff Allah is a state prisoner who is currently confined at the Washington State

17   Penitentiary ("WSP") in Walla Walla, Washington. Plaintiff has submitted to the Court for filing

18   a civil rights complaint under 42 U.S.C. § 1983 together with an application to proceed with this

19   action *in forma pauperis*. (Dkt. ## 1, 1-1.) Plaintiff alleges in his complaint that Defendants have

20   violated state and federal law in relation to judgments entered against Plaintiff in King County

21   Superior Court between 2000 and 2002, resulting in Plaintiff's current unlawful confinement.

22   Plaintiff also alleges that he has been subjected to unlawful conditions of confinement at WSP.

23

REPORT AND RECOMMENDATION
PAGE - 1

Plaintiff identifies King County Superior Court Judge Charles Mertel, King County Superior Court Clerk Paul Sherfey, the Secretary of the Washington Department of Corrections Stephen Sinclair, and WSP Superintendent Donald Holbrook as Defendants in this action. Plaintiff seeks immediate release from custody, transportation back to Seattle, money damages, production of various records pertaining to his convictions, and an award of land that is "rich in minerals, water, etc, and fertile, to establish a Government separate from White People."

The Court, having screened Plaintiff's complaint in accordance with 28 U.S.C. § 1915A(a), concludes that the complaint and this action should be dismissed without prejudice and that Plaintiff's application to proceed *in forma pauperis* should be denied as moot.

## II.    DISCUSSION

This is the forty-third case Plaintiff has filed in this Court since 2000. A substantial number of Plaintiff's prior complaints and petitions have presented claims challenging the lawfulness of his current confinement, and on grounds similar to those underlying Plaintiff's claims in this case; *i.e.,* that Plaintiff is Allah, not Edwin Randal Coston who was convicted and sentenced in multiple cases in King County Superior Court and other jurisdictions.[1]

Plaintiff specifically alleges in this action that King County Superior Court Judge Charles Mertel unlawfully changed the name on a criminal judgment entered in January 2000 from Edwin Randal Coston to Divine Allah. (Dkt. # 1-1 at 5-6.) Plaintiff claims that the King County Superior Court had not acquired jurisdiction over Allah, and that by changing the name on the judgment Judge Mertel forced Plaintiff to file an appeal and post an appeal bond to obtain his release from Washington Department of Corrections ("DOC") custody. (*Id*. at 6.)

---

[1] Plaintiff has accumulated five strikes under 28 U.S.C. § 1915(g) during the course of his litigation activities in this Court.

REPORT AND RECOMMENDATION
PAGE - 2

Plaintiff also alleges that King County Superior Court Clerk Paul Sherfey failed to change the case caption as ordered by the Superior Court in January 2000, and unlawfully hid the criminal judgment, appeal notices, and appeal bond under the "bogus" name Edwin Randal Coston, thereby engaging in "identity theft." (*Id*. at 7.)

Plaintiff alleges that in July 2002, Stephen Sinclair, the Secretary of the DOC, received invalid criminal judgments in three King County Superior Court cases that named Edwin Randal Coston and then "used identity theft" to change the name on those judgments from Edwin Randal Coston to "Allah Allah" in the DOC's Offender Management Network Information ("OMNI") system, resulting in Plaintiff's false imprisonment. (*Id*. at 7-8.)

Finally, Plaintiff alleges that Donald Holbrook, Superintendent of WSP, is illegally confining him in the Intensive Management Unit, is denying him medical attention and access to information, and is denying him release under invalid court documents naming Edwin Randal Coston. (*Id*. at 8-9.) Plaintiff also claims that Mr. Holbrook initiated unspecified racist policies, allowed staff to ignore policy in relation to Plaintiff's request for an alternative diet, and denied Plaintiff surgery for two hernias which "are threatening to burst" and which Plaintiff claims the DOC caused by holding him using "bogus" names and documents. (*Id*. at 9.)

The claims asserted against Defendants Mertel, Sherfey, and Sinclair, as well as a portion of the claims asserted against Defendant Holbrook effectively challenge the lawfulness of Plaintiff's current confinement. Where an individual seeks to challenge the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). The United States Supreme Court has made clear that claims which call into question the lawfulness of a plaintiff's conviction or confinement do not accrue in a civil rights

REPORT AND RECOMMENDATION
PAGE - 3

1    action "unless and until the conviction or sentence is reversed, expunged, invalidated, or

2    impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994).

3    Plaintiff has not demonstrated that his challenged confinement has been invalidated in any way.

4    Thus, under *Heck*, Plaintiff's civil rights claims alleging unlawful incarceration have not yet

5    accrued and are therefore not cognizable in this proceeding.

6        To the extent Plaintiff seeks to challenge in this action the conditions of his current

7    confinement at WSP, he fails to adequately state any claim upon which relief may be granted.

8    Plaintiff's challenges to the conditions of his confinement appear to relate primarily to the

9    actions of his medical provider at WSP whom Plaintiff claims denied him necessary care for two

10   hernias and refused to authorize a vegetarian diet for him. (*See* Dkt. # 1-1 at 9, 11.) Plaintiff also

11   makes a somewhat vague claim concerning racist policies at WSP.

12       While Plaintiff appears to challenge the actions of his medical provider at WSP, he has

13   not named his medical provider as a Defendant in this action but has, instead, named only the

14   superintendent of the facility. However, Plaintiff alleges no facts in his complaint demonstrating

15   that Superintendent Holbrook had any personal involvement in decisions relating to Plaintiff's

16   medical care or his diet. Plaintiff also fails to identify in his complaint the racist policies to which

17   he is referring or explain how those policies cause him harm.

18       Absent some showing that a named Defendant personally participated in causing Plaintiff

19   some harm of constitutional dimension, his conditions of confinement claims necessarily fail.

20   *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (in order to sustain a civil rights

21   action a plaintiff must show that he suffered a violation of rights protected by the Constitution or

22   created by federal statute, and that the violation was proximately caused by a person acting under

23

REPORT AND RECOMMENDATION
PAGE - 4

color of state law); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint). Even assuming Plaintiff could state valid constitutional claims regarding the conditions of his confinement at WSP, such claims should be pursued in the United States District Court for the Eastern District of Washington and not in this Court. *See* 28 U.S.C. § 1391(b).

### III.    CONCLUSION

When a prisoner complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court must dismiss the complaint. *See* 28 U.S.C. § 1915A(b). Because Plaintiff has not alleged a cognizable ground for relief in his complaint against any of the named Defendants, this Court recommends that Plaintiff's complaint and this action be dismissed, without prejudice, pursuant to § 1915A(b)(i). This Court further recommends that Plaintiff's application to proceed *in forma pauperis* be denied as moot. A proposed order accompanies this Report and Recommendation.

### IV.    OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **September 11, 2019**. Objections, and any response, shall not exceed twelve pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no

REPORT AND RECOMMENDATION
PAGE - 5

1   timely objections are filed, the matter will be ready for consideration by the District Judge on the

2   date that objections were due.

3          DATED this 21st day of August, 2019.

4

5

6          MICHELLE L. PETERSON
           United States Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION
PAGE - 6